## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| SHARON AGUILAR, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MUSCLETECH RESEARCH AND | : Case No.: 05 10871 RCL |
| DEVELOPMENT, INC. AND GN OLDCO | : |
| CORPORATION, INC. F/K/A GENERAL | : |
| NUTRITION CORPORATION | : |
| | : |
| Defendants. | : |
| | : |

### ANSWER OF DEFENDANT MUSCLETECH RESEARCH
### AND DEVELOPMENT, INC. TO PLAINTIFF'S COMPLAINT

Defendant MuscleTech Research and Development, Inc. ("MuscleTech"), for its Answer

to Plaintiff's Complaint, states and alleges as follows.

Except as specifically admitted or otherwise qualified, MuscleTech denies each and every

allegation contained in Plaintiff's Complaint and any document or pleading incorporated by

reference therein.

### I.    PARTIES

1.    MuscleTech is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in Paragraph 1 of the Complaint, and it therefore denies the

same and demands strict proof thereof.

2.    MuscleTech admits that it is a Canadian corporation, with its correct, principal

place of business at 5100 Spectrum Way, Mississauga, Ontario, Canada L4W 5S2, and that it

may be served in the alleged manner, at the address referenced above, pursuant to the

BOS\132710.1

requirements and procedures of the Hague Convention. Except as so responded to and qualified, MuscleTech admits the allegations in Paragraph 2 of the Complaint.

3.  MuscleTech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint, and it therefore denies the same and demands strict proof thereof.

## II.  JURISDICTION AND VENUE

4.  MuscleTech admits that the matter in controversy exceeds $75,000 and complete diversity exists for the alleged reasons. MuscleTech additionally admits that venue is proper in this Court. Except as so responded to, MuscleTech denies the allegations of Paragraph 4 of the Complaint.

## III.  FACTUAL BACKGROUND

5.  MuscleTech admits that it designed, formulated, labeled, packaged, distributed, sold, advertised, and otherwise distributed Hydroxycut® as alleged in Paragraph 5 of the Complaint. Except as so responded to, MuscleTech denies the allegations of Paragraph 5.

6.  In response to Paragraph 6 of the Complaint, MuscleTech admits that Hydroxycut® previously contained ma-huang and guarana; that ma-huang is a, but not the sole, botanical source of ephedrine alkaloids; and that guarana is a, but not the sole, botanical source of caffeine.  MuscleTech further admits that ephedrine is generally characterized as a sympathomimetic. Except as so admitted, MuscleTech denies the allegations in Paragraph 6 of the Complaint.

7.  MuscleTech admits only that the chemical structure of ephedrine is generally characterized as 'structurally similar' to amphetamines; however, ephedrine is widely acknowledged to have vastly different effects in the body than amphetamines. Except as so admitted, MuscleTech denies the allegations in Paragraph 7 of the Complaint.

- 2 -

8.     In response to Paragraph 8 of the Complaint, MuscleTech denies that it advocates the use of dietary supplements containing ephedrine alkaloids in the context of exercise that is also a stimulant to the central nervous system. Except as so responded to, the allegations in Paragraph 8 of the Complaint do not involve or address MuscleTech, and therefore no response is required from MuscleTech. To the extent a response is required, MuscleTech denies the allegations in Paragraph 8 of the Complaint.

9.     In response to Paragraph 9 of the Complaint, MuscleTech denies that it ever manufactured or that it continues to market, sell, or distribute the referenced dietary supplements, and that it was aware of "dangerous health risks" posed by such supplements at the time it marketed, sold, or distributed them. Except as so responded to, the allegations in Paragraph 9 of the Complaint do not involve or address MuscleTech, and therefore no response is required from MuscleTech. Any action taken by the FDA and/or any other governmental or other entity, and any referenced article, is a documented, written action, policy, or product, which speaks for itself. To the extent a response is required, MuscleTech denies the allegations in Paragraph 9 of the Complaint.

10.    MuscleTech denies the allegations in Paragraph 10 of the Complaint.

11.    The allegations in Paragraph 11 of the Complaint do not involve or address MuscleTech, and therefore no response is required from MuscleTech. MuscleTech further states that no answer is called for by Plaintiff's legal conclusions regarding product testing, "standard quality controls," and/or the effect of "variances" in prescription and nonprescription drugs. To the extent that a response is required, MuscleTech denies the allegations in paragraph 11 of the complaint

- 3 -

BOS\132710.1

12. MuscleTech states that no answer is called for by Plaintiff's legal conclusions in Paragraph 12 of the Complaint. To the extent a response is required, MuscleTech denies the allegations in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, MuscleTech states that no answer is called for by Plaintiff's legal conclusions regarding the adequacy or inadequacy of label disclosures. MuscleTech further states that no response is required to allegations regarding the content of the product labels, which are documented writings that speak for themselves. To the extent a response is required, MuscleTech denies the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint do not involve or address MuscleTech, and therefore no response is required from MuscleTech. To the extent a response is required, MuscleTech denies the allegations in Paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 of the Complaint do not involve or address MuscleTech, and therefore no response is required from MuscleTech. MuscleTech further states that no response is required to allegations regarding the label directions, which are documented writings that speak for themselves. To the extent a response is required, MuscleTech has no knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint, and it therefore denies the same and demands strict proof thereof.

16. The allegations in Paragraph 16 of the Complaint do not involve or address MuscleTech, and therefore no response is required from MuscleTech. To the extent a response is required, MuscleTech has no knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint, and it therefore denies the same and demands strict proof thereof.

BOS\132710.1

17. In response to Paragraph 17 of the Complaint, MuscleTech states that no answer is called for by Plaintiff's legal conclusions regarding the adequacy or inadequacy of label disclosures. MuscleTech further states that no response is required to allegations regarding the content of the product labels, which are documented writings that speak for themselves. To the extent a response is required, MuscleTech has no knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint, and it therefore denies the same and demands strict proof thereof.

## COUNT I
## BREACH OF EXPRESS WARRANTY

18. MuscleTech incorporates by reference the averments contained in Paragraphs 1-17 of this Answer, as though fully set forth herein.

19. The allegations in Paragraph 19 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 19 of the Complaint.

## COUNT II
## BREACH OF IMPLIED WARRANTIES

20. MuscleTech incorporates by reference the averments contained in Paragraphs 1-19 of this Answer, as though fully set forth herein.

21. The allegations in Paragraph 21 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 22 of the Complaint.

- 5 -

23. The allegations in Paragraph 23 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 24 of the Complaint.

## COUNT III
## NEGLIGENCE

25. MuscleTech incorporates by reference the averments contained in Paragraphs 1-24 of this Answer, as though fully set forth herein.

26. The allegations in Paragraph 26 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 26 of the Complaint.

27. The allegations in Paragraph 27 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 29 of the Complaint.

## COUNT IV
## FRAUD

30.    MuscleTech incorporates by reference the averments contained in Paragraphs 1-
29 of this Answer, as though fully set forth herein.

31.    MuscleTech denies the allegations in Paragraph 31 of the Complaint.

32.    MuscleTech denies the allegations in Paragraph 32 of the Complaint.

33.    MuscleTech denies the allegations in Paragraph 33 of the Complaint.

34.    The allegations in Paragraph 34 of the Complaint state a legal conclusion for
which no response is required. To the extent a response is required, MuscleTech denies the
allegations in Paragraph 34 of the Complaint.

35.    MuscleTech denies the allegations in Paragraph 35 of the Complaint.

36.    The allegations in Paragraph 36 of the Complaint state a legal conclusion for
which no response is required. To the extent a response is required, MuscleTech denies the
allegations in Paragraph 36 of the Complaint.

37.    The allegations in Paragraph 37 of the Complaint state a legal conclusion for
which no response is required. To the extent a response is required, MuscleTech denies the
allegations in Paragraph 37 of the Complaint.

## COUNT V
## NEGLIGENT MISREPRESENTATION

38.    MuscleTech incorporates by reference the averments contained in Paragraphs 1-
37 of this Answer, as though fully set forth herein.

39.    The allegations in Paragraph 39 of the Complaint state a legal conclusion for
which no response is required. To the extent a response is required, MuscleTech denies the
allegations in Paragraph 39 of the Complaint.

- 7 -

40.     The allegations in Paragraph 40 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 40 of the Complaint.

## COUNT VI
## BREACH OF CONTINUING DUTY TO WARN

41.     MuscleTech incorporates by reference the averments contained in Paragraphs 1-40 of this Answer, as though fully set forth herein.

42.     The allegations in Paragraph 42 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 42 of the Complaint.

43.     MuscleTech admits that it designed, tested, marketed, distributed, and/or sold, Hydroxycut® but denies that it manufactured Hydroxycut®. Except as so responded to, MuscleTech states that the allegations in Paragraph 43 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 46 of the Complaint.

- 8 -

## COUNT VII
## CIVIL CONSPIRACY

47.     MuscleTech incorporates by reference the averments contained in Paragraphs 1-46 of this Answer, as though fully set forth herein.

48.     The allegations in Paragraph 48 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 50 of the Complaint.

51.     The allegations in Paragraph 51 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 51 of the Complaint.

## COUNT VIII
## PLAINTIFF'S DAMAGES

52.     MuscleTech incorporates by reference the averments contained in Paragraphs 1-51 of this Answer, as though fully set forth herein.

53.     The allegations in Paragraph 53 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, MuscleTech denies the allegations in Paragraph 53 of the Complaint.

## COUNT IX
## PUNITIVE DAMAGES

54.     MuscleTech incorporates by reference the averments contained in Paragraphs 1-53 of this Answer, as though fully set forth herein.

55.     The allegations in Paragraph 55 of the Complaint state a legal conclusion for which no response is required.  To the extent a response is required, MuscleTech denies the allegations in Paragraph 55 of the Complaint.

## AFFIRMATIVE DEFENSES

56.     For its first affirmative defense, the defendant states the plaintiff sustained any injury from the use of Hydroxycut®, which the plaintiff denies, the plaintiff's own negligence was equal or greater than that of the defendant, and the plaintiff, therefore, is barred from recovery

57.      For its second affirmative defense, the defendant states, if the plaintiff sustained any injury from the use of Hydroxycut®, which the plaintiff denies, the plaintiff's own negligence contributed to her alleged injuries and any damages that she suffered must be reduced in the proportion that her negligence bears to the negligence of the defendant.

58.     For its third affirmative defense, MuscleTech states and alleges that Plaintiff has failed in whole or in part to state a cause or claim upon which relief can be granted.

59.     For its fourth affirmative defense, MuscleTech states and alleges that Plaintiff's claims are barred by applicable statutes of limitations.

60.     For its fifth affirmative defense, MuscleTech states and alleges that Plaintiff's claims are barred by consent.

61.     For its sixth affirmative defense, MuscleTech states and alleges that Plaintiff's claims are barred by the Plaintiff's misuse of the products in an unforeseeable manner.

- 10 -

62.     For its seventh affirmative defense, MuscleTech states and alleges that the products contained adequate warnings, and Plaintiff failed to heed such warnings.

63.     For its eighth affirmative defense, MuscleTech states and alleges that the products were reasonably fit for the purposes for which they were reasonably intended or expected to be used.

64.     For its ninth affirmative defense, MuscleTech states and alleges that use of the product was not a direct cause or proximate cause of Plaintiff's alleged injuries.

65.     For its tenth affirmative defense, MuscleTech states and alleges that the product was fit for the particular purpose for which it was intended.

66.     For its eleventh affirmative defense, MuscleTech states and alleges that Plaintiff's injuries were the result of the conduct or action of Plaintiff and/or third parties for which MuscleTech is not responsible.

67.     For its twelfth defense, MuscleTech states that Count IX of the complaint fails to state a claim for which relief can be granted because Massachusetts law does not permit punitive damages to be assessed under any claim alleged in the complaint and, therefore, Count IX should be stricken.

68.     For its thirteenth affirmative defense, MuscleTech states and alleges that any award of punitive damages to Plaintiff in this case violates the constitutional safeguards provided to MuscleTech under the Constitution of the United States of America and/or the Constitution of the State of Minnesota.

69.     For its fourteenth affirmative defense, MuscleTech states and alleges that, in the unlikely event it is held liable for punitive or other damages in this matter, the damages recoverable should be limited to the conditions and amounts allowed by law.

- 11 -

70.     For its fifteenth affirmative defense, MuscleTech states and alleges that, if Plaintiff was injured and damaged as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by preexisting or subsequent medical, genetic, and/or environmental conditions, diseases, or illnesses, unrelated to Hydroxycut® and/or any conduct of MuscleTech.

71.     For its sixteenth affirmative defense, MuscleTech states and alleges that, if Plaintiff was injured and damaged as alleged, which is specifically denied, then the injuries and damages may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of MuscleTech or any defect attributable to Hydroxycut®, and Plaintiff's claims are therefore barred.

72.     For its seventeenth affirmative defense, MuscleTech states and alleges that, if Plaintiff was injured and damaged as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate, or otherwise, whether named or unnamed in the Complaint, for whose conduct MuscleTech is not responsible.

73.     For its eighteenth affirmative defense, MuscleTech states and alleges that, if Plaintiff was injured and damaged as alleged, then the injuries and damages resulted from the unforeseeable misuse of Hydroxycut®.

74.     For its nineteenth affirmative defense, MuscleTech states and alleges that it did not manufacture Hydroxycut®, as alleged by Plaintiff.

75.     For its twentieth defense, MuscleTech states that Count VII of the complaint fails to state a claim for which relief can be granted because Massachusetts law does not recognize

- 12 -

civil conspiracy, as alleged in the complaint, as a claim for which relief can be granted and, therefore, Count VII should be stricken.

76.    MuscleTech reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

WHEREFORE, MuscleTech, having fully answered Plaintiff's allegations in the Complaint, prays for judgment dismissing the complaint; that Plaintiff take nothing by her cause of action; that MuscleTech recover any appropriate interest, fees, costs, and disbursements; and that MuscleTech receive such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DUANE MORRIS LLP

By:

Albert P. Zabin, Esquire
BBO #538380
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone No.: 617.289.9200
Facsimile No.: 617.289.9201
Email: apzabin@duanemorris.com

Attorneys for Defendant
MuscleTech Research and Development, Inc.

Dated: June 14, 2005

## CERTIFICATE OF SERVICE

I, Albert P. Zabin, hereby certify that on June 14, 2005, I served the foregoing Answer of Defendant, MuscleTech Research and Development, Inc., to Plaintiff's Complaint via first class mail, postage prepaid to the following:

Michael S. Appel, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02110

Robert J. Binstock, Esquire
Linda L. Laurent, Esquire
Michelle W. Wan, Esquire
Reich & Binstock
4365 San Felipe, Suite 1000
Houston, TX 77027

Albert P. Zabin (BBO 538380)

BOS\132710.1