UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON AGUILAR,<br><br>    Plaintiff,<br><br>v.<br><br>MUSCLETECH RESEARCH AND DEVELOPMENT, INC., GN OLDCO CORPORATION (F/K/A GENERAL NUTRITION CORPORATION)<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No.: 05-10871 RCL<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT GN OLDCO CORPORATION f/k/a GENERAL NUTRITION CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant GN Oldco Corporation f/k/a General Nutrition Corporation (hereinafter "GN Oldco"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### I.  PARTIES

1. GN Oldco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint concerning plaintiff's residence.

2. GN Oldco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. GN Oldco admits that, prior to its dissolution in December, 2003, GN Oldco Corp. f/k/a General Nutrition Corporation was a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania, which owned and operated retail stores,

in the State of Minnesota. GN Oldco further admits that it may be served by serving its registered agent corporation, CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110. GN Oldco denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

## II.   JURISDICTION & VENUE

4. GN Oldco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

## III.   FACTUAL BACKGROUND

5. GN Oldco admits that, prior to its dissolution in December, 2003, GN Oldco, a retailer, from time to time, sold ephedra-containing dietary supplements, including, but not limited to, Hydroxycut. GN Oldco denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. GN Oldco denies the allegation contained in paragraph 6 of Plaintiff's Complaint that use of ephedrine results in increased blood pressure, cardiac output, and central nervous system stimulation. GN Oldco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. GN Oldco denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. GN Oldco denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. GN Oldco denies the allegations contained in paragraph 9 of Plaintiff's Complaint that there are dangerous health risks posed by ephedrine-based supplements, including Hydroxycut. GN Oldco is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10. GN Oldco denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. GN Oldco denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. GN Oldco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. GN Oldco is without knowledge or information as to the awareness or knowledge of consumers, and denies the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14. GN Oldco denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. GN Oldco is without knowledge or information as to whether Plaintiff purchased Hydroxycut from GNC, or, as to the date and location of the alleged purchase of Hydroxycut by Plaintiff. GN Oldco denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16. GN Oldco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. GN Oldco is without knowledge or information as to Plaintiff's awareness or knowledge, and denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

## COUNT I
## BREACH OF EXPRESS WARRANTY

18. GN Oldco incorporates by reference its responses to paragraphs 1 through 17 above, as if fully set forth herein, and further states:

19. GN Oldco denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

## COUNT II
## BREACH OF IMPLIED WARRANTIES

20. GN Oldco incorporates by reference its responses to paragraphs 1 through 19 above, as if fully set forth herein, and further states:

21. GN Oldco denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. GN Oldco denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. GN Oldco denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. GN Oldco denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

## COUNT III
## NEGLIGENCE

25. GN Oldco incorporates by reference its responses to paragraphs 1 through 24 above, as if fully set forth herein, and further states:

26. The allegations contained in paragraph 26 of Plaintiff's Complaint are legal conclusions to which no response is required. If a response is required, GN Oldco denies the allegations contained in said paragraph.

27. GN Oldco denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. GN Oldco denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. GN Oldco denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

## COUNT IV
## FRAUD

30. GN Oldco incorporates by reference its responses to paragraphs 1 through 29 above, as if fully set forth herein, and further states:

31. GN Oldco denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. GN Oldco denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. GN Oldco denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. GN Oldco denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. GN Oldco denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. GN Oldco denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. GN Oldco denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

## COUNT V
## NEGLIGENT MISREPRESENTATION

38. GN Oldco incorporates by reference its responses to paragraphs 1 through 37 above, as if fully set forth herein, and further states:

39. GN Oldco denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. GN Oldco denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

## COUNT VI
## BREACH OF CONTINUING DUTY TO WARN

41. GN Oldco incorporates by reference its responses to paragraphs 1 through 40 above, as if fully set forth herein, and further states:

42. GN Oldco denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. GN Oldco admits that, prior to its dissolution in December, 2003, GN Oldco, a retailer, from time to time, sold ephedra-containing dietary supplements, including, but not limited to, Hydroxycut. GN Oldco denies the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44. GN Oldco denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. GN Oldco denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. GN Oldco denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

Case 1:05-cv-10871-RCL   Document 6   Filed 06/22/2005   Page 7 of 14

## COUNT VII
## CIVIL CONSPIRACY

47. GN Oldco incorporates by reference its responses to paragraphs 1 through 46 above, as if fully set forth herein, and further states:

48. GN Oldco denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. GN Oldco denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. GN Oldco is without knowledge or information as to the awareness or knowledge of Plaintiff, and denies the remaining allegations contained in paragraph 50 of Plaintiff's Complaint.

51. GN Oldco denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

## COUNT VIII
## PLAINTIFF'S DAMAGES

52. GN Oldco incorporates by reference its responses to paragraphs 1 through 51 above, as if fully set forth herein, and further states:

53. GN Oldco denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

## COUNT IX
## PUNITIVE DAMAGES

54. GN Oldco incorporates by reference its responses to paragraphs 1 through 53 above, as if fully set forth herein, and further states:

55. GN Oldco denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

7

WHEREFORE, answering defendant GN Oldco Corporation f/k/a General Nutrition Corporation demands that judgment be entered in its favor and against plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Original Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Restatement (Third) of Torts, to the extent it has been adopted by the Commonwealth of Massachusetts.

### FOURTH AFFIRMATIVE DEFENSE

The products which are the subject of this litigation have been formulated, designed, tested, manufactured, processed, distributed, and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act, and the Dietary Supplement Health and Education Act, and any regulations promulgated thereunder, and therefore Plaintiff's claims are preempted or barred.

### FIFTH AFFIRMATIVE DEFENSE

Defendant had no duty to warn about any possible dangers that were not known at the time of the sale of the products at issue in this litigation.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages by reason of the matters alleged in Plaintiff's Complaint, which is denied, then said damages were caused solely by or contributed to by the acts or fault of third parties and were not caused or contributed to by any acts or fault of Defendants,

Defendant's officers, agents, contractors, servants, employees, or others for whom Defendant was responsible. If it is determined that Defendant was negligent, which is specifically denied, the negligence of third-parties, which proximately caused any alleged injuries, was greater than the negligence of Defendants, and accordingly Defendant is entitled to indemnification, contribution, and apportionment of such liability.

### SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages sustained by Plaintiff resulted from Plaintiff's own conduct so that Plaintiff's claims are barred, in whole or in part, by the comparative negligence of the Plaintiff and apportionment of fault.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in Plaintiff's Complaint are barred against this Defendant on the grounds that Plaintiff knew, or in the exercise of ordinary care should have known, of the risks of the injuries or damages alleged in Plaintiff's Complaint, if any, and nevertheless, did freely and voluntarily assume said risks, and in this undertaking proximately caused and contributed to the losses, injuries, or damage, if any, alleged by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Any damages and injuries suffered by Plaintiff were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control, and unrelated to defendant's conduct. Defendant's actions and omissions, if any, were superseded by such unforeseeable, independent, intervening, and superseding events.

### TENTH AFFIRMATIVE DEFENSE

The products at issue in this litigation were in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, or labeled.

### ELEVENTH AFFIRMATIVE DEFENSE

The products at issue in this litigation complied with applicable codes, standards, regulations, and specifications established, adopted, promulgated, or approved by the United States or by Massachusetts, or by any agency of the United States or Massachusetts. The product was reasonably fit and suitable for its intended purpose.

### TWELFTH AFFIRMATIVE DEFENSE

Any award of exemplary or punitive damages would violate Defendant's rights to due process and equal protection of the law pursuant to the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Massachusetts Declaration of Rights including the Supreme Court's decision in *State Farm v. Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to entitle Plaintiff to an award of exemplary or punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The products which are the subject of this litigation conformed precisely in all ways to its specifications and performance standards and posed no danger in its manufacture and composition.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed all risk attendant with the use of the products which are the subject of this litigation in a manner other than directed.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages as alleged in Plaintiff's Complaint, which is denied, Plaintiff failed to mitigate her damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the injuries alleged in Plaintiff's Complaint were caused or enhanced by Plaintiff's pre-existing or unrelated medical or psychiatric conditions and/or idiosyncratic reactions to the products which are the subject of this litigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

A practical and technically feasible alternative design or formulation for the products which are the subject of this litigation was not available that would have prevented the harm for which Plaintiff seeks to recover damages, without substantially impairing the reasonably anticipated or intended function of the product. Defendant took reasonable precautions consistent with Defendant's duties and obligations to protect third parties from any dangers posed by the inherent characteristics of the product.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that the claims stated in Plaintiff's Complaint have been settled, compromised, or otherwise discharged, Defendant is due a set off.

### TWENTIETH AFFIRMATIVE DEFENSE

The products which are the subject of this litigation described in Plaintiff's Complaint were modified, altered, or changed from the condition in which they were sold, which modification, alteration, or change caused or contributed to the alleged damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The products alleged to have caused the damages set forth in Plaintiff's Complaint were not used in the manner and for the purposes intended. Such improper use and handling of the products which are the subject of this litigation for an unforeseeable purpose and in an unforeseeable manner proximately caused or contributed to the alleged injuries. Therefore, no recovery is available against Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any injuries or damages sustained were directly and proximately caused by failure of the Plaintiff to heed warnings and instructions. Therefore, no recovery is available against Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to give timely notice of any alleged breach of any warranty and the defendant's have been prejudiced thereby.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

There were no warranties, either express of implied, between Plaintiff and this Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant did not breach any warranties, either express or implied, which may have existed between them and Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant is not a proper party defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant's communications and/or actions with the United States Food and Drug Administration and/or any governmental agency or entity are constitutionally protected under the Noerr-Pennington Doctrine and the First Amendment to the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by additional defenses that may arise during the course of this litigation, which Defendant reserves the right to assert.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that this Court:

1. Award Defendant's costs and attorneys' fees incurred in the defense of this action;

2. Dismiss Plaintiff's Complaint with prejudice and without costs to Defendant;

3. Grant Defendant a trial by jury; and

4. Award Defendant such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

GN Oldco requests a trial by jury of all issues so triable as a matter of right.

**GN OLDCO CORPORATION**
**f/k/a GENERAL NUTRITION CORPORATION**

By its Attorneys,

**CAMPBELL CAMPBELL EDWARDS & CONROY,**
**PROFESSIONAL CORPORATION**

_____
Richard P. Campbell (BBO# 071600)
Christopher R. Conroy (BBO# 661155)
One Constitution Plaza
Boston, MA 02129
(617) 241-3061 (tel)
(617) 241-5115 (fax)
rcampbell@campbell-trial-lawyers.com
cconroy@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, Christopher R. Conroy, hereby certify that a true copy of the above document was served upon the following attorney's by first class mail this _22_ day of June 2005.

Robert J. Binstock
Linda L. Laurent
Michelle W. Wan
REICH & BINSTOCK
4265 San Felipe, Suite 1000
Houston, Texas 77027
(713) 622-7271
(713) 623-8724 (FAX)

Michael S. Appel, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, Massachusetts 02110
(617) 227-3030

_____
Christopher R. Conroy