**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**


SHARON AGUILAR   VS. MUSCLETECH RESEARCH AND DEVELOPMENT


C.A. No. 05-10871-RCL


NOTICE OF SCHEDULING CONFERENCE AND ADDITIONAL MATTERS

I.   An initial scheduling conference will be held at 3:00PM
on September 15, 2005, in Courtroom #11, 5th Floor, 1 Courthouse
Way, Boston, MA in accordance with Fed. R. Civ. P. 16(b) and L. R.
16.1.   The court considers attendance of the senior lawyers
ultimately responsible for the case and compliance with sections
(B), (C), and (D) of L. R. 16.1 (as modified by this Order) to be
of utmost importance.  Counsel may be given a continuance only if
actually engaged on trial.   Failure to comply fully with this
notice and with sections (B), (C), and (D) of L. R. 16.1 (as
modified by this Order) may result in sanctions under L. R. 1.3.
Counsel for the plaintiff is responsible for ensuring that all
parties and/or their attorneys, who have not filed an answer or
appearance with the court, are notified of the scheduling
conference date.

Sections (B), (C), and (D) of L. R. 16.1, as modified by this
Order, provide:

(B)   Obligation of counsel to confer. Unless otherwise
      ordered by the judge, counsel for the parties shall
      confer no later than fourteen (14) days before the
      date for the scheduling   conference for the purpose
      of:

      (1) preparing an agenda of matters to be discussed
      at the scheduling conference,

      (2) preparing a proposed pretrial schedule for the
      case that includes a plan for discovery, and

      (3) considering whether they will consent to trial
      by magistrate judge.

(C)   Settlement proposals. Unless otherwise ordered by
      the judge, the plaintiff shall present written
      settlement proposals to all defendants no later
      than ten (10) days before the date for the

scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D)    Joint statement. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference, a joint statement containing a proposed pretrial schedule, which shall include:

(1) a concise summary of the positions asserted by the plaintiff, defendant and any other parties with respect to both liability and relief sought.

(2) a joint discovery plan scheduling the time and length for all discovery events, that shall

(a) conform to the obligation to limit discovery set forth in Fed.R.Civ.P. 26(b), and

(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

(3) a proposed schedule for the filing of motions; and

(4) certifications signed by counsel and by the party (in the case of a corporation by an authorized representative) affirming that each party and that party's counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- for the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L. R. 16.4.

To the extent that all parties are able to reach
agreement on a pretrial schedule, they shall so
indicate.  To the extent that the parties differ on
what the pretrial schedule should be, they shall
set forth separately the items on which they differ
and indicate the nature of that difference. The
purpose of the parties' proposed pretrial schedule
or schedules shall be to advise the judge of the
parties' best estimates of the amounts of time they
will need to accomplish specified pretrial steps.
The parties' proposed agenda for the scheduling
conference, and their proposed pretrial schedule or
schedules, shall be considered by the judge as
advisory only.

II. The obligation to file a joint statement is an
independent obligation of each party.  Thus if one party does not
cooperate with the other party or parties in the preparation of the
joint statement, the other party or parties shall file a separate
statement setting forth the information required by L. R. 16.1(D),
as modified by this order, and the identity of the party not
cooperating in the preparation of the joint statement and the
efforts undertaken to obtain that cooperation.

## Additional Matters

III. Discovery Motions.  The parties are advised that, unless
otherwise ordered, the court will not consider any motion, filed in
this action pursuant to Fed. R. Civ. P. 37 or Fed. R. Civ. P. 45
(discovery motions), which does not comply fully with the
provisions of L. R. 37.1.  The statement of the moving party with
respect to the pre-motion discovery conference required by L. R.
37.1 shall be set forth in a paper separate from the motion and
memorandum in support of the motion under Fed. R. Civ. P.37 or Fed.
R. Civ. P. 45.

The filing of discovery motions is otherwise governed by the
Standing Order re: Electronic Case Filing in cases before Reginald
C. Lindsay, U.S.D.J. dated September 9, 2003.

IV.  Motions for Protective Orders.  The parties are further
advised that if, in the course of this action, they seek the entry
of a general order pertaining to the impoundment of confidential
materials, the court will consider entering such an order only if
a proposed form of order is submitted to the court, which proposed
order:

(a)    complies fully with L. R. 7.2;

(b)    provides for the filing of a motion for impoundment which: (i) sets forth a description, in general terms, of the confidential materials and a short statement setting forth the reason justifying impoundment; and (ii) is accompanied by a redacted version of the document or item containing confidential materials, to be placed in the court's public files, and an unredacted version of the document or item containing the confidential materials, marked or highlighted to indicate clearly the portions for which impoundment is sought.

Irrespective of whether a general order of impoundment is entered in the case, the court will not order the impoundment of any material unless the party seeking impoundment files a motion which meets the requirements, and is accompanied by the items, set forth in subsection (b) of this section IV.

June 29, 2005

Reginald C. Lindsay
U.S. District Judge
By the Court:

/s/ Lisa M. Hourihan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STANDING ORDER RE: ELECTRONIC CASE FILING
IN CASES BEFORE REGINALD C. LINDSAY, U.S.D.J.

After October 1, 2003, documents filed in all cases in my session may be filed

electronically, so long as the filing party complies with the applicable Federal Rules of Criminal

Procedure or Civil Procedure (as the case may be), the Local Rules of United States District Court

for the District of Massachusetts and the rules and procedures outlined in the Electronic Case

Filing Administrative Procedures Pamphlet and the Electronic Case Filing ("ECF") User's

Manual. Even if electronic filing is used, however, unless otherwise ordered, the filing party must

also deliver to the clerk's office, by mail or otherwise, a paper, courtesy copy of any electronic

document constituting, supporting or opposing a dispositive motion, discovery motion or a

proceeding for the construction of claims in a patent case.[*] The courtesy copy of each such

document must be stamped or otherwise prominently marked as follows: "Courtesy copy - - DO

NOT SCAN, Original Filed Electronically," and must be delivered to the clerk's office within

three business days of the electronic filing.

In any case of an electronic filing in which a party seeks leave of court to file a document

---

[*] For purposes of this order, the term "dispositive motion" includes a motion to dismiss, a motion for summary judgment, a motion to suppress, a motion for preliminary relief (including a motion for an attachment of real or personal property), motion for class certification, and a motion for the entry of judgment. The term "discovery motion" includes any motion in which the moving party seeks an order requiring that a person or entity provide information in any form to the moving party.

or to amend a document previously filed, the party must attach electronically to the motion seeking leave a copy of the document which the party proposes to file.  That document must be marked "Proposed [document designation]."  If leave to file the document is granted, the party proposing the document must then file the original of that document (which may be done electronically), indicating in the caption of the document that leave has been granted.

SO ORDERED.

/s/ REGINALD C. LINDSAY
United States District Judge

DATED: September 12, 2003